## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**

**JOHN DAVID CASTLEBERRY**
**SHEILA CASTLEBERRY**
**MARK DOUGLAS STOKES**
**MELINDA STOKES**
**BARBARA DENISE STEPHENS**
**CHRISTOPHER BAUM**
**TERESA HAGGERTY**
   **and**
**DEBORAH TENNEY**

_____/

**SEALED**
**INDICTMENT**

3:14 cr 59/LAC

**THE GRAND JURY CHARGES:**

### COUNT ONE

### A.  INTRODUCTION

At all times material to this Indictment:

1.     The Internal Revenue Service ("IRS") was a bureau within the United States Department of the Treasury ("Treasury") and an agency of the government of the United States.   The IRS was responsible for the administration and enforcement of Title 26 of the United States Code (commonly referred to as the "Internal Revenue Code").

Returned in open court pursuant to Rule 6(f)

_____
Date  July 16, 2014

_____
United States Magistrate Judge

2.    Included within the governmental functions of the IRS was the responsibility and authority to ascertain, compute, assess, and collect taxes ("revenue") and to conduct related investigations, examinations, audits, and enforcement actions. The governmental functions of the IRS also included the responsibility and authority to investigate fraudulent activity related to the income tax refund process, to obtain the repayment of any such fraudulently disbursed tax refunds, and to seek penalties against those responsible for such fraud.

3.    IRS Form 1099-OID ("1099-OID") was a reporting form, the contents of which were prepared and submitted to the IRS by banks and other financial institutions that had issued certain certificates of deposit, bonds, or other types of interest-earning debt instruments to taxpayers. The annual interest accruals earned by taxpayers holding these debt instruments, along with any tax amounts withheld by the issuing financial institutions from such interest income, were reported by these same financial institutions to the IRS as reflected in a 1099-OID.

4.    IRS Form 1099-A ("1099-A") was a reporting form, the contents of which were prepared and submitted to the IRS by lenders after the foreclosure or repossession of property that the lender held as security for a loan (or when the lender had reason to suspect that such property had become abandoned by the borrower). The repossession, foreclosure, or abandonment of such property, as well as the balance of the outstanding principal debt secured by such property and its market value, was reported by the lender to the IRS as reflected in a 1099-A.

5.     An "OID scheme" was a particular type of fraudulent tax refund scheme premised upon the so-called "redemption theory."   This fictional theory stood for the false proposition that every United States citizen could avoid responsibility for his or her personal debts and obtain reimbursement of certain expenditures by seeking an equivalent amount of funds that were purportedly held on deposit within accounts maintained by the Treasury in the names of each citizen's so-called "straw man."   According to the redemption theory, a citizen's "straw man" was an alter ego identity established by the government for each living (a/k/a "flesh and blood") citizen.   In order to differentiate the "living citizen" from his or her "straw man" counterpart, redemption theory adherents routinely designated the so-called living citizen by spelling his or her name with a mixture of upper and lower case letters and strategically placed punctuation marks.   Redemption theory adherents would submit to creditors, including the federal government, fictitious financial instruments drawn on their "straw man" treasury accounts to pay their debts.

6.     According to OID scheme proponents, one method by which a living citizen could obtain or "redeem" the funds on deposit in his or her "straw man" account was through the submission of personal income tax returns to the IRS that had been prepared through a fraudulent process (hereinafter referred to as "OID tax returns"). These OID tax returns made use of the same types of income and tax withholding figures reported by financial institutions upon Form 1099-OIDs and 1099-As (hereinafter collectively referred to as "1099 forms").   In connection with this scheme, OID tax returns falsely set forth on IRS Form 1040 and 1040X Individual Tax Returns that the taxpayer had received sizable amounts of 1099-reported interest and other income, but concurrently

3

stated that an equivalent amount of tax had also been withheld.   Through this fraudulent tax return preparation method (hereinafter referred to as the "OID process"), the taxpayer would falsely claim that he or she was entitled to receive a substantial tax refund supposedly on account of the taxpayer's overpayment of income taxes.

7.     Defendant **JOHN DAVID CASTLEBERRY**, a resident of Pensacola Beach, Florida, and others, devised and participated in a scheme to help taxpayers, including himself, obtain fraudulent tax refunds from the IRS by filing OID tax returns using the OID process.

8.     Under the scheme, defendant **JOHN DAVID CASTLEBERRY**, assisted by defendants **CHRISTOPHER BAUM, TERESA A. HAGGERTY, BARBARA DENISE STEPHENS**, and others, prepared false Form 1099-OIDs and Forms 1099As on their behalf and on behalf of the other participants in the scheme.   These 1099-OID forms falsely reported that taxpayers' creditors had withheld large amounts of federal income taxes and paid this money over to the IRS.   Defendants **JOHN DAVID CASTLEBERRY, CHRISTOPHER BAUM, TERESA A. HAGGERTY**, and **BARBARA DENISE STEPHENS** then counseled and assisted various taxpayers including, but not limited to, defendants **JOHN DAVID CASTLEBERRY, SHEILA CASTLEBERRY, MARK DOUGLAS STOKES, MELINDA STOKES**, and **DEBORAH TENNEY** to file 1040 and 1040X OID tax returns that claimed large tax refunds to which the taxpayers were not entitled.

9.     Using the IRS's Filing Information Returns Electronically ("FIRE") system, an electronic database that accepts submissions, defendant **BARBARA DENISE STEPHENS** filed forms 1099-OID and 1099-As for approximately 42 individuals who ultimately filed OID tax returns.  Collectively, the 42 OID tax returns sought refunds totaled over $9.5 million.

## B.  CHARGE

Between on or about April 2, 2008, and or about January 7, 2010, in the Northern District of Florida and elsewhere, the defendants,

**JOHN DAVID CASTLEBERRY,**
**SHEILA CASTLEBERRY,**
**and**
**BARBARA DENISE STEPHENS,**

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with other persons to:  (a) commit an offense against the United States, namely, to aid and assist in, and procure, counsel, and advise the preparation and presentation, under the internal revenue laws, or in connection with any matter arising under the revenue laws, of a return, affidavit, claim, or other document that is fraudulent or false as to any material matter, in violation of Title 26, United States Code, Section 7206(2); and (b) defraud the United States for the purpose of: (*i*) cheating the United States Treasury of funds through false, fictitious, and fraudulent tax refund claims made upon the IRS and (*ii*) impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes, the repayment of Treasury funds fraudulently disbursed, and the imposition of penalties against those responsible.

### C.  MANNER AND MEANS OF THE CONSPIRACY

It was part of the scheme to defraud that:

1.      Defendants **JOHN DAVID CASTLEBERRY** and **BARBARA DENISE STEPHENS** did assist, counsel, and advise defendant **SHEILA CASTLEBERRY** to file false and fraudulent OID tax returns, to defeat the IRS's efforts to detect the fraudulent returns, to recover fraudulently obtained refunds, and to avoid any penalties.

2.      Defendants **JOHN DAVID CASTLEBERRY** and **BARBARA DENISE STEPHENS** did assist, counsel, and advise defendant **SHEILA CASTLEBERRY** in filing a fraudulent claim for income tax refunds with the IRS.

3.      Defendant **BARBARA DENISE STEPHENS** would, and did, prepare and file IRS Forms 1099-OID and 1099-A claiming false and fraudulent federal income taxes withheld on behalf of defendant **SHEILA CASTLEBERRY** using the IRS's FIRE system.

4.      Defendants **JOHN DAVID CASTLEBERRY, SHEILA CASTLEBERRY**, and **BARBARA DENISE STEPHENS** did prepare false and fraudulent federal income tax returns and IRS forms, including, but not limited to, IRS Forms 1040, 1040X, 1099-OID, and 1099-A on behalf of defendant **SHEILA CASTLEBERRY**.

5.      Defendant **JOHN DAVID CASTLEBERRY** did assist, counsel, and advise others including defendant **SHEILA CASTLEBERRY** on how to submit frivolous letters to the IRS to persuade the IRS that the false and fraudulent federal income tax returns prepared by the defendants were legitimate.

6

6.     Defendants **JOHN     DAVID     CASTLEBERRY,     SHEILA CASTLEBERRY,** and **BARBARA DENISE STEPHENS** did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of and the acts done in furtherance of the conspiracy.

7.     Defendant **JOHN DAVID CASTLEBERRY** did collect from defendant **SHEILA CASTLEBERRY** approximately fifty percent of the proceeds of the fraudulent tax refund received in exchange for his "services" in assisting, counseling, and advising defendant **SHEILA CASTLEBERRY** on the filing of her OID return.

8.     After the IRS sent notification that the OID tax return filed by defendant **SHEILA CASTLEBERRY** was considered frivolous and of the IRS's intention to seek repayment of the funds fraudulently obtained and to assess penalties if defendant **SHEILA CASTLEBERRY** did not file a corrected and legitimate tax return, defendants **JOHN DAVID CASTLEBERRY** and **BARBARA DENISE STEPHENS** did supply amended and corrected false 1099-OID forms for defendant **SHEILA CASTLEBERRY** to supply to the IRS in response.

9.     Defendant **JOHN DAVID CASTLEBERRY** assisted, counseled, and advised defendant **SHEILA CASTLEBERRY** on the preparation and submission of additional documents for mailing to the IRS, in response to the IRS's notification that it considered defendant **SHEILA CASTLEBERRY's** OID tax return to be frivolous, which documents contained frivolous assertions attempting to support the false proposition that defendant **SHEILA CASTLEBERRY's** tax refund claims were legitimate and to cease all

7

actions to obtain repayment of tax refunds dispersed to defendant **SHEILA CASTLEBERRY** and avoid any penalties.

10. Defendant **JOHN DAVID CASTLEBERRY,** on behalf of defendant **SHEILA CASTLEBERRY,** submitted to the IRS purported payments printed or stamped on IRS documents signed by defendant **JOHN DAVID CASTLEBERRY,** instructing the IRS to deduct amounts owed by defendant **SHEILA CASTLEBERRY** from defendant **JOHN DAVID CASTLEBERRY's** "account" at the Treasury in purported full satisfaction of any claim that the IRS may have against defendant **SHEILA CASTLEBERRY**.

## D. OVERT ACTS OF THE CONSPIRACY

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the defendants and other conspirators committed, or caused to be committed, the following overt acts listed below, within the Northern District of Florida and elsewhere:

1. On or before April 2, 2008, defendant **SHEILA CASTLEBERRY** agreed to pay defendant **JOHN DAVID CASTLEBERRY** fifty percent of any tax refund obtained as a result of her using IRS form 1099-OID fictitious information to obtain a tax refund.

2. On or about April 2, 2008, defendant **SHEILA CASTLEBERRY** filed a joint 2007 Form 1040 tax return with an attached fictitious Form 1099-OID in the amount of $128,800 with the IRS resulting in a refund to defendant **SHEILA CASTLEBERRY** in the amount $93,518.

3.      On or about May 4, 2008, defendant **JOHN DAVID CASTLEBERRY** sent via e-mail a copy of defendant **SHEILA CASTLEBERRY's** Form 1099-OID in the amount of $128,800 as part of a discussion about the proper contents of the form.

4.      On or about May 5, 2008, in response to an inquiry from the IRS requesting proof of withholding and earnings, defendant **SHEILA CASTLEBERRY** signed and submitted a copy of the fictitious Form 1099-OID in the amount of $128,800 and a letter and IRS Form 56 notice concerning fiduciary relationship naming the United States Secretary of the Treasury as her fiduciary and signed "Sheila Castleberry authorized rep."

5.      On or about June 9, 2008, the IRS issued a refund in the amount of $93,518 electronically to defendant **SHEILA CASTLEBERRY** for her 2007 Form 1040 tax return.

6.      On or about June 10, 2008, defendant **SHEILA CASTLEBERRY** wrote a check in the amount of $38,000 payable to defendant **JOHN DAVID CASTLEBERRY,** which was deposited into defendant **JOHN DAVID CASTLEBERRY's** Compass Bank account in Pensacola, Florida, on or about June 11, 2008.

7.      Between on or about June 12, 2008, and on or about June 16, 2008, defendant **JOHN DAVID CASTLEBERRY** sent a series of e-mails to individuals telling others about his OID process success.   One individual contacted via e-mail was told "great news.   Just got a 90k refund compliments of 'the service' Life is grand!"   When the e-mail response asked "did you follow the OID process?", defendant **JOHN DAVID CASTLEBERRY** responded "you ask an ambiguous question.   Don't you mean which?" and in a second e-mail defendant **JOHN DAVID CASTLEBERRY** stated "I finally

received my first refund - - - it was substantial." In a third e-mail, defendant **JOHN DAVID CASTLEBERRY** wrote "I implemented OID and got a refund."

8.  On or about April 29, 2009, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **BARBARA DENISE STEPHENS** and sent her information to correct a 2007 Form 1099-OID for defendant **SHEILA CASTLEBERRY**. In the e-mail communication, defendant **JOHN DAVID CASTLEBERRY** stated the correction must be made before the 2008 return for defendant **SHEILA CASTLEBERRY** can be filed.

9.  On or about April 30, 2009, defendant **BARBARA DENISE STEPHENS** filed a Form 1099-A electronically with the IRS through the FIRE system for defendant **SHEILA CASTLEBERRY** in the amount of $128,800 for the tax year 2007.

10.  Between on or about April 6, 2009, and on or about June 1, 2009, defendant **BARBARA DENISE STEPHENS** filed Forms 1099-OID electronically with the IRS through the FIRE system totaling more than $7.9 million, which included a 1099-OID for defendant **SHEILA CASTLEBERRY** for tax year 2007 in the amount of $128,800, filed on or about May 5, 2009.

11.  On or about June 2, 2009, defendant **JOHN DAVID CASTLEBERRY** sent an e-mail to defendant **SHEILA CASTLEBERRY** with a proposed letter response to the IRS's Notice of Tax Due on her 2007 federal income return.

12.  On or about June 12, 2009, in response to IRS levies filed against the bank accounts of defendant **SHEILA CASTLEBERRY,** defendant **SHEILA CASTLEBERRY** wrote to the IRS stating "your authority to make any demands upon us is hereby revoked" and "since this issue constitutes a financial matter, please find a copy of

10

tender previously submitted to settle the amount accessed." Attached to this letter as submitted was the IRS assessment in the amount of $135,249.81 with "Accepted For Value" written across the top.

13.    On or about January 7, 2010, defendant **JOHN DAVID CASTLEBERRY** mailed an alleged "money order" dated December 28, 2009, in the amount of $135,249.81 as payment for the tax liens placed against defendant **SHEILA CASTLEBERRY**.  The money order form was stamped over the "Notice of Federal Tax Lien" document, signed by defendant **JOHN DAVID CASTLEBERRY**, stating "Accepted For Value exempt from levy" and indicated it should be charged against the treasury account of defendant **JOHN DAVID CASTLEBERRY**, the account number identified as his social security number.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### A.  INTRODUCTION

Paragraphs A1 through A9 of the Introduction section of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

### B.  CHARGE

Between on or about April 11, 2008, and on or about May 11, 2010, in the Northern District of Florida and elsewhere, the defendants,

**JOHN DAVID CASTLEBERRY,
MARK DOUGLAS STOKES,
MELINDA STOKES,
BARBARA DENISE STEPHENS,
and
CHRISTOPHER BAUM,**

11

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with other persons to: (a) commit an offense against the United States, namely, to aid and assist in, and procure, counsel, and advise the preparation and presentation, under the internal revenue laws, or in connection with any matter arising under the revenue laws, of a return, affidavit, claim, or other document that is fraudulent or false as to any material matter, in violation of Title 26, United States Code, Section 7206(2); and (b) defraud the United States for the purpose of: (*i*) cheating the United States of Treasury funds through false, fictitious, and fraudulent tax refund claims made upon the IRS and (*ii*) impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes, the repayment of Treasury funds fraudulently disbursed, and the imposition of penalties against those responsible.

## C. MANNER AND MEANS OF THE CONSPIRACY

It was part of the scheme to defraud that:

1.     Defendants **JOHN DAVID CASTLEBERRY** and **CHRISTOPHER BAUM** did assist, counsel, and advise defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** to file false and fraudulent federal OID returns to defeat the IRS's efforts to detect the fraudulent returns, recover fraudulently obtained refunds, and avoid any penalties.

2.     Defendants **JOHN DAVID CASTLEBERRY, CHRISTOPHER BAUM,** and **BARBARA DENISE STEPHENS** did assist, counsel, and advise defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** in filing fraudulent

12

claims for income tax refunds with the IRS.

3.    Defendant **BARBARA DENISE STEPHENS** did prepare and file IRS Forms 1099-OID and 1099-A claiming false and fraudulent federal income taxes withheld on behalf of defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** using the IRS's FIRE system.

4.    Defendants **JOHN DAVID CASTLEBERRY, CHRISTOPHER BAUM, MARK DOUGLAS STOKES, MELINDA STOKES,** and **BARBARA DENISE STEPHENS** did prepare false and fraudulent federal income tax returns and IRS forms, including, but not limited to, IRS Forms 1040s, 1065s, 1099-OIDs, and 1099-As on behalf of defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES**.

5.    Defendants **JOHN DAVID CASTLEBERRY** and **CHRISTOPHER BAUM** did counsel others including defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** on how to submit frivolous letters to the IRS to persuade the IRS that the false and fraudulent federal income tax returns prepared by the defendants were legitimate.

6.    Defendants **JOHN DAVID CASTLEBERRY, CHRISTOPHER BAUM, MARK DOUGLAS STOKES, MELINDA STOKES,** and **BARBARA DENISE STEPHENS** did perform acts and make statements to hide, conceal, and cause to be hidden and concealed, the purposes of and the acts done in furtherance of the conspiracy.

7.    Defendants **JOHN DAVID CASTLEBERRY** and **CHRISTOPHER BAUM** did command and collect from defendants **MARK DOUGLAS STOKES** and

**MELINDA STOKES** fifty percent of the proceeds of their fraudulent tax refund received in exchange for their "services" in assisting, counseling, and advising defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** on the filing of their OID returns.

8.      After the IRS sent notification that the 2007 1040 OID tax return filed by defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** was considered frivolous and of the IRS's intention to seek repayment of the funds fraudulently obtained and to assess penalties if defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** did not file a corrected and legitimate tax return, defendants **JOHN DAVID CASTLEBERRY, CHRISTOPHER BAUM**, and **BARBARA DENISE STEPHENS** would and did supply amended and corrected false 1099-OID forms for defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** to supply to the IRS in response.

9.      Defendants **JOHN DAVID CASTLEBERRY** and **CHRISTOPHER BAUM** assisted, counseled, and advised defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** on the preparation and submission of additional documents for mailing to the IRS, in response to the IRS's notification that it considered defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES's** 2007 and 2008 1040 tax returns to be frivolous, which documents contained frivolous assertions attempting to support the false proposition that defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES's** 2007 and 2008 1040 tax refund claims were legitimate, and to cease all actions to obtain repayment of tax refunds dispersed to defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** and avoid any penalties.

14

10.   Defendant **JOHN DAVID CASTLEBERRY,** on behalf of defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES,** submitted purported payments printed or stamped on IRS documents signed by defendant **JOHN DAVID CASTLEBERRY** instructing the IRS to deduct amounts owed by defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** from defendant **JOHN DAVID CASTLEBERRY's** "account" at the Treasury in purported full satisfaction of any claim that the IRS may have against defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES**.

### D.   OVERT ACTS OF THE CONSPIRACY

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the defendants and other conspirators committed, or caused to be committed, the following overt acts, listed below, within the Northern District of Florida and elsewhere:

1.   On or about April 11, 2008, defendants **MARK DOUGLAS STOKES** and **CHRISTOPHER BAUM** opened a joint checking account at the Bank of Texas that was used for the limited purpose of receiving and distributing the proceeds of filing a false claim with the Internal Revenue Service.

2.   On or about April 11, 2008, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **CHRISTOPHER BAUM** and attached a supplemental form for "line 21" of defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** 2007 Form 1040 false claim for refund showing fictitious OID income in the amount of $220,000.

3.   On or about July 2, 2008, defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** filed a false 2007 Form 1040 with attached false 2007 Form

15

1099-OID in the amount of $220,000 with the IRS causing a refund in the amount of $176,481 from the IRS to be deposited in the Bank of Texas joint checking bank account of defendants **MARK DOUGLAS STOKES** and **CHRISTOPHER BAUM** on or about July 25, 2008.

4.    On or about August 1, 2008, defendants **MARK DOUGLAS STOKES** and **CHRISTOPHER BAUM** caused cashier's checks, drawn on their joint bank account at the Bank of Texas, to be issued and made payable to defendant **JOHN DAVID CASTLEBERRY** in the amount of $44,120.28, and to R.M., the spouse of defendant **CHRISTOPHER BAUM**, in the amount of $44,120.25, for which the remitter on both checks was defendant **CHRISTOPHER BAUM**.   That same day, defendants **MARK DOUGLAS STOKES** and **CHRISTOPHER BAUM** caused the remaining balance of $88,240.50 in their joint account to be transferred to another Bank of Texas account in the name of defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES**.

5.    On or about August 12, 2008, the cashier's check issued to defendant **JOHN DAVID CASTLEBERRY** in the amount of $44,120.25 was deposited into the personal bank account of defendant **JOHN DAVID CASTLEBERRY** located at Compass Bank, Pensacola, Florida.

6.    On or about September 12, 2008, the IRS sent defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** an IRS form 3176 letter informing them that the filing of their 2007 form 1040 was frivolous and subject to penalty.

7.     On or about December 22, 2008, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **CHRISTOPHER BAUM** and attached a sample "notice and demand" letter for **BAUM** to use in correspondence with the IRS.

8.     On or about February 7, 2009, following the receipt of a frivolous filing letter from the IRS by defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES,** defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **CHRISTOPHER BAUM** and attached a list of questions for defendant **CHRISTOPHER BAUM** to ask at a seminar for participants in OID schemes.  As part of the attempt to keep the IRS from getting the fraudulent refund back from defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES,** defendant **JOHN DAVID CASTLEBERRY** specifically suggested that **BAUM** "relate Mark's situation with them wanting a return of the $. Can you use one of your PN's to Zero the account?"

9.     After their receipt of a frivolous filing letter and IRS assessment for the fictitious 2007 OID return, on or about February 23, 2009, defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** signed and submitted frivolous correspondence to the IRS, a "Notice of Demand" in response.  This letter was certified by defendant **CHRISTOPHER BAUM** and identical in format to the letter provided to defendants **CHRISTOPHER BAUM** by **JOHN DAVID CASTLEBERRY** on or about December 22, 2008, as described in paragraph 7 above.

10.    On or about February 26, 2009, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **CHRISTOPHER BAUM** listing as the e-mail subject "stokes" with attached IRS Forms 1096.  The two attached Forms 1096 both

17

signed by defendant **MARK DOUGLAS STOKES** identified the total 2007 1099-OID amount reported as $220,000 and the date of submission as February 25, 2009.

11.    On or about March 12, 2009, defendant **MARK DOUGLAS STOKES** corresponded with the IRS and submitted a letter stating "your authority to make any demands upon us is herein revoked" and "since this issue constitutes a financial matter, please find a copy of tender previously submitted to settle the amount accessed." Attached to the letter was the IRS assessment notice in the amount of $226,296.51, a penalty assessment notice of $5,000 for the filing of frivolous documents, and a document stamped with the words "Instrument Issue" that attempted to make these bills payable to the United States Treasury from an account held on his behalf.

12.    On or about April 7, 2009, defendant **MARK DOUGLAS STOKES,** with the assistance of defendant **CHRISTOPHER BAUM,** corresponded with the IRS submitting a letter including a fictitious financial instrument purporting to pay tax levies imposed against he and his wife drawn from a U.S. Treasury account held on his behalf.

13.    On or about April 10, 2009, defendant **CHRISTOPHER BAUM** e-mailed defendant **JOHN DAVID CASTLEBERRY** to discuss and explain the efforts made to impede the IRS's collection of the fraudulent tax refund from defendant **MARK DOUGLAS STOKES.**  Defendant **CHRISTOPHER BAUM** attached copies of the payment vouchers submitted by defendant **MARK DOUGLAS STOKES** on or about April 7, 2009.

14.    Between on or about April 6, 2009, and on or about June 6, 2009, defendant **BARBARA DENISE STEPHENS** filed Forms 1099-OID electronically with the IRS to

the FIRE system totaling more than $7.9 million including multiple OIDs filed on behalf of defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** for tax years 2007 and 2008, filed on or about April 17, 2009.

15.    On or about May 4, 2009, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **CHRISTOPHER BAUM** and attached a form letter for use in corresponding with the IRS.  Defendant **JOHN DAVID CASTLEBERRY** wrote "take what actually applies and let me see it" and "you may start down the road to getting M&M's MOOLAH back and lifting the unlawful lien."

16.    On or about October 15, 2009, defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** filed a false 2008 Form 1040 with multiple 2008 Forms 1099-OID attached with the Internal Revenue Service totaling more than $800,000 claiming a refund in the amount of $539,978.

17.    On or about October 30, 2009, defendant **MELINDA STOKES** e-mailed defendant **JOHN DAVID CASTLEBERRY** about an "Affidavit of Mailing" by defendant **BARBARA DENISE STEPHENS** for the mailing of defendant **MELINDA STOKES's** false 2008 Form 1040 to the IRS.

18.    On or about December 29, 2009, defendant **CHRISTOPHER BAUM** e-mailed defendant **JOHN DAVID CASTLEBERRY** to discuss defendant **MELINDA STOKES**'s ability to call and speak with the IRS in response to questions about the income amount on line 62 of the 2008 1040 income tax return of defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES**.

19

19.     On or about January 1, 2010, defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES**, with the assistance of defendant **BARBARA DENISE STEPHENS**, resubmitted by mail their false 2008 Form 1040 with multiple 2008 Forms 1099-OID attached that totaled more than $800,000 with the Internal Revenue Service and claimed a refund in the amount of $539,978.

20.     On or about February 27, 2010, defendant **MELINDA STOKES** e-mailed defendant **BARBARA DENISE STEPHENS** informing her that defendant **JOHN DAVID CASTLEBERRY** had suggested that defendant **MELINDA STOKES** needed to retrieve her documents from defendant **BARBARA DENISE STEPHENS** to protect defendant **BARBARA DENISE STEPHENS** from a connection to her case by the courts.

21.     On or about April 27, 2010, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendants **CHRISTOPHER BAUM** and **MELINDA STOKES** a copy of defendant **JOHN DAVID CASTLEBERRY'S** sworn affidavit dated April 26, 2010, filed with the Escambia County, Florida, Clerk's Office, describing defendant **JOHN DAVID CASTLEBERRY's** intent to comply with all rules and regulation of the Internal Revenue Code and his lack of receipt of any certified statement or invoice showing he owes any taxes.

22.     On or about May 11, 2010, defendants **MARK DOUGLAS STOKES** and **MELINDA STOKES** signed an affidavit filed with the Tarrant County, Texas, Clerk's Office that copied in format and content the affidavit supplied to them by defendant **JOHN DAVID CASTLEBERRY** on April 27, 2010, as described in the preceding paragraph.

All in violation of Title 18, United States Code, Section 371.

20

## COUNT THREE

### A.   INTRODUCTION

Paragraphs A1 through A9 of the Introduction section of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

### B.   CHARGE

Between on or about August 29, 2008, and on or about May 10, 2010, in the Northern District of Florida, and elsewhere, the defendants,

**JOHN DAVID CASTLEBERRY,**
**TERESA HAGGERTY,**
**DEBORAH TENNEY,**
**and**
**BARBARA DENISE STEPHENS,**

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with other persons to:  (a) commit an offense against the United States, namely, to aid and assist in, and procure, counsel, and advise the preparation and presentation, under the internal revenue laws, or in connection with any matter arising under the revenue laws, of a return, affidavit, claim, or other document that is fraudulent or false as to any material matter, in violation of Title 26, United States Code, Section 7206(2); and (b) defraud the United States for the purpose of:  (*i*) cheating the United States of Treasury funds through false, fictitious and fraudulent tax refund claims made upon the IRS and (*ii*) impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes, the repayment of Treasury funds fraudulently disbursed, and the imposition of penalties against those responsible.

21

## C.  MANNER AND MEANS OF THE CONSPIRACY

It was part of the scheme to defraud that:

1. Defendants **JOHN DAVID CASTLEBERRY, BARBARA DENISE STEPHENS,** and **TERESA HAGGERTY** did assist, counsel, and advise defendant **DEBORAH TENNEY** to file false and fraudulent OID tax returns, to defeat IRS efforts to detect the fraudulent returns, recover fraudulently obtained refunds, and avoid any penalties.

2. Defendant **BARBARA DENISE STEPHENS** did prepare and file IRS Forms 1099-OID and 1099-A claiming false and fraudulent federal income taxes withheld on behalf of defendant **DEBORAH TENNEY** using the IRS FIRE system.

3. Defendants **JOHN DAVID CASTLEBERRY, TERESA HAGGERTY,** and **BARBARA DENISE STEPHENS** did prepare false and fraudulent federal income tax returns and IRS forms, including, but not limited to, IRS forms 1040s, 1065s, 1099-OIDs, and 1099-As on behalf of defendant **DEBORAH TENNEY.**

4. Defendant **JOHN DAVID CASTLEBERRY** did counsel others including defendants **TERESA HAGGERTY** and **DEBORAH TENNEY** on how to submit frivolous letters to the IRS to persuade the IRS that the false and fraudulent federal income tax returns prepared by the defendants were legitimate.

5. Defendants **JOHN DAVID CASTLEBERRY, TERESA HAGGERTY, DEBORAH TENNEY,** and **BARBARA DENISE STEPHENS** did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purposes of and the acts done in furtherance of the conspiracy.

22

6.      Defendant **JOHN DAVID CASTLEBERRY** did command and collect from defendant **DEBORAH TENNEY** fifty percent of the proceeds of the fraudulent tax refund received in exchange for his "services" in assisting, counseling, and advising defendant **DEBORAH TENNEY** on the filing of her OID return.

7.      Defendants **JOHN DAVID CASTLEBERRY** and **BARBARA DENISE STEPHENS** did supply amended and corrected false 1099-OID Forms for defendants **TERESA HAGGERTY** and **DEBORAH TENNEY** to supply to the IRS in response to IRS notification the OID tax return filed by defendant **DEBORAH TENNEY** was considered frivolous and the IRS's intention to seek repayment of the funds fraudulently obtained and to assess penalties if **DEBORAH TENNEY** did not file a corrected and legitimate tax return.

8.      Defendants **JOHN DAVID CASTLEBERRY, TERESA HAGGERTY,** and **BARBARA DENISE STEPHENS** assisted, counseled, and advised defendant **DEBORAH TENNEY** on the preparation and submission of additional documents for mailing to the IRS, in response to the IRS's notification that it considered defendant **DEBORAH TENNEY's** OID tax return to be frivolous, which documents contained frivolous assertions attempting to support the false proposition that defendant **DEBORAH TENNEY's** tax refund claims were legitimate and to cease all actions to obtain repayment of tax refunds dispersed to defendant **DEBORAH TENNEY** and avoid any penalties.

9.      Defendant **JOHN DAVID CASTLEBERRY,** on behalf of defendant **DEBORAH TENNEY,** submitted purported payments to the IRS printed or stamped on IRS documents signed by defendant **JOHN DAVID CASTLEBERRY** instructing the

IRS to deduct amounts owed by defendant **DEBORAH TENNEY** from defendant **JOHN DAVID CASTLEBERRY's** "account" at the Treasury in purported full satisfaction of any claim that the IRS may have against defendant **DEBORAH TENNEY.**

### D.  OVERT ACTS OF THE CONSPIRACY

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the defendants and other conspirators committed, or caused to be committed, the following overt acts, listed below, within the Northern District of Florida and elsewhere:

1.      On or about August 29, 2008, defendant **JOHN DAVID CASTLEBERRY** by e-mail instructed defendant **TERESA HAGGERTY** to "add $200,000 1099" to line 21 of the form 1040X, identifying it as income, and "$200,000" to line 64, identifying it as withholding, to the individual income tax return of defendant **DEBORAH TENNEY,** and attached a copy of defendant **DEBORAH TENNEY's** form 1040 for the year 2005.

2.      On or about August 29, 2008, defendant **JOHN DAVID CASTLEBERRY** by e-mail instructed defendant **TERESA HAGGERTY** to add "$355,795.64  1099" to line 21 of the form 1040X, identifying it as income, and "$355,795.64" to line 64 "for a total of $359,355.64," identifying it as withholding, to the individual income tax return of defendant **DEBORAH TENNEY,** and attached a copy of defendant **DEBORAH TENNEY's** form 1040 for the year 2006.

3.      On  or  about  September  8,  2008,  defendant  **JOHN  DAVID CASTLEBERRY** e-mailed defendant **DEBORAH TENNEY** with the attached bank statements of defendants **MARK DOUGLAS STOKES** and **CHRISTOPHER BAUM** showing a deposit of **STOKES's** IRS refund in the amount of $176,481.

24

4.      On or about September 25, 2008, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **TERESA HAGGERTY** instructing her to make line 21, other income of defendant **DEBORAH TENNEY's** 1040 return "$162,000 1099 income", and add an additional "$162,000 to line 64," identifying it as withholding, to the 1040 tax return of defendant **DEBORAH TENNEY** for the year 2007.

5.      Between on or about September 26, 2008, and on or about September 28, 2008, defendant **TERESA HAGGERTY** instructed a third party tax preparer that defendant **JOHN DAVID CASTLEBERRY** would take over coordination of the preparation of the tax returns for defendant **DEBORAH TENNEY** and would be responsible for getting completed returns to defendant **DEBORAH TENNEY**.

6.      On or about October 1, 2008, defendant **JOHN DAVID CASTLEBERRY** sent, or caused to be sent, via FedEx from Pensacola, Florida, a 2005 false Form 1099-OID with an attached false 2005 Form 1040X, both forms reflecting 1099-OID income and withheld income taxes in the amount of $200,000 in defendant **DEBORAH TENNEY's** name, to **TENNEY** at an address in Sarasota, Florida.

7.      On or about October 2, 2008, defendant **DEBORAH TENNEY** filed a false 2005 Form1040X with an attached 2005 false Form 1099-OID in the amount of $200,000 with the Internal Revenue Service and claimed a refund in the amount of $142,401.

8.      On or about October 26, 2008, defendant **DEBORAH TENNEY** filed a false 2006 Form 1040X with attached 2006 false Forms 1099-OID in the amounts of $180,000, $172,000 and $12,800 with the Internal Revenue Service, and claimed a refund

in the amount of $252,145.

9.   On or about October 26, 2008, defendant **DEBORAH TENNEY** filed a false 2007 Form 1040 with attached 2007 false Forms 1099-OID in the amounts of $132,000 and $30,000 with the Internal Revenue Service causing a refund in the amount of $137,799.85 to be deposited into her personal bank account on or about February 9, 2009.

10.   On or about December 17, 2008, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **DEBORAH TENNEY** with written instructions on the response she should make to the IRS regarding the frivolous filing letter she received.  Defendant **JOHN DAVID CASTLEBERRY** also attached a document to the e-mail titled Notice and Demand, showing defendant **DEBORAH TENNEY** as the sender and stating that they are "not in receipt of any evidence or documentation" to prove that correspondence sent to the IRS is frivolous.

11.   On or about December 29, 2008, defendant **JOHN DAVID CASTLEBERRY** sent an e-mail to client D.M., copied to defendant **DEBORAH TENNEY,** advising D.M. to expect more frivolous filing letters in the future regarding her filed 1099-OIDs and instructed that filing OIDs electronically is best.

12.   On or about February 17, 2009, defendant **JOHN DAVID CASTLEBERRY** instructed defendant **DEBORAH TENNEY** through e-mail communication how to pay him, describing his payment as "a donation" that should total $64,352.

13.   On or about February 17, 2009, defendant **DEBORAH TENNEY** obtained a cashier's check in the amount of $57,925 payable to defendant **JOHN DAVID**

26

CASTLEBERRY and made two additional payments on his behalf totaling $6,608.80 as instructed.

14.     On or about February 19, 2009, defendant **JOHN DAVID CASTLEBERRY** made or caused to be made the deposit of the cashier's check from defendant **DEBORAH TENNEY** in the amount of $57,925 into his personal bank account in Pensacola, Florida, and from that account a check in the amount of $28,712.50 was written by defendant **JOHN DAVID CASTLEBERRY** made payable to defendant **TERESA HAGGERTY**.

15.     On or about April 7, 2009, defendant **JOHN DAVID CASTLEBERRY** e-mailed defendant **BARBARA DENISE STEPHENS** that he was awaiting copies of the IRS transcripts for defendant **DEBORAH TENNEY** before defendant **JOHN DAVID CASTLEBERRY** could approve submission of the Forms 1099-OID in the name of defendant **DEBORAH TENNEY**.

16.     On or about April 8, 2009, defendant **DEBORAH TENNEY** sent three electronic faxes to defendant **JOHN DAVID CASTLEBERRY** containing her IRS transcripts for the years 2005 through 2007.

17.     On or about April 8, 2009, defendant **BARBARA DENISE STEPHENS** sent Forms 1099-OID in the name of defendant **DEBORAH TENNEY** for the years 2005 through 2007 in an e-mail to defendant **JOHN DAVID CASTLEBERRY**. Subsequently, on or about April 9, 2009, defendant **JOHN DAVID CASTLEBERRY** sent the same information by e-mail to defendant **DEBORAH TENNEY** instructing her to

file her amended 2005 Form 1040X along with the information that these Forms1099-OIDs have now been electronically filed.

18.     Between on or about April 9, 2009, and on or about April 14, 2009, **BARBARA DENISE STEPHENS** filed Forms 1099-OID electronically with the IRS through the FIRE system totaling more than $7.9 million including multiple Form 1099-OIDs for defendant **DEBORAH TENNEY** for tax years 2005, 2006, and 2007.

19.     On or about November 9, 2009, in response to the IRS's attempt to collect the fraudulently obtained refund for the tax year 2007, defendant **DEBORAH TENNEY** prepared and submitted a fictitious payment to the IRS by "Accepting For Value" the IRS tax assessment, preparing a payment voucher Form 1040-V in the amount of $170,998.60, and showing her payment to be made to the United States Treasury from the account of defendant **DEBORAH TENNEY**.

20.     On or about January 19, 2010, in response to a frivolous filing letter received from the IRS regarding tax year 2005, defendant **DEBORAH TENNEY** prepared and submitted a letter to the IRS and wrote that the IRS had failed to answer her claim, that she may now file a criminal complaint against the IRS, and that the IRS is liable for civil damages.

21.     On or about May 10, 2010, after an attempt by IRS agents to contact her, defendant **DEBORAH TENNEY** filed with the Clerk of Court in Sarasota County, Florida, where she resided, an affidavit stating it was her will and intent to be in compliance with all rules and regulations of the Internal Revenue Service and "Affiant is

not in receipt of any verifiable evidence that the tax account of Deborah K. Tenney is in dishonor."

All in violation of Title 18, United States Code, Section 371.

### COUNT FOUR

On or about November 2, 2008, in the Northern District of Florida, the defendants

**JOHN DAVID CASTLEBERRY**
**and**
**TERESA HAGGERTY,**

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under the internal revenue laws, of a U.S. individual tax return, Form 1040 of DEBORAH TENNEY for the calendar year 2007, which was filed with the Internal Revenue Service, and which return was false and fraudulent as to a material matter, in that it listed 1099-OID based income on line 21 of $162,000 and federal income tax withheld of that same amount included in line 64, which amounts, as defendants **JOHN DAVID CASTLEBERRY** and **TERESA HAGGERTY** then and there well knew and believed, were nonexistent and false.

In violation of Title 26, United States Code, Section 7206(2).

### COUNT FIVE

On or about September 3, 2008, in the Northern District of Florida, the defendants

**JOHN DAVID CASTLEBERRY**
**and**
**TERESA HAGGERTY**

residents of Pensacola Beach, Florida, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising

under the internal revenue laws, of a U.S. individual tax return, Form 1040 of S.I. for the calendar year 2007, which was filed with the Internal Revenue Service, and which return was false and fraudulent as to a material matter, in that it listed 1099-OID based income on line 21 of $301,091 and federal income tax withheld of that same amount in line 64, which amounts, as defendants **JOHN DAVID CASTLEBERRY** and **TERESA HAGGERTY** then and there knew and believed, were nonexistent and false.

In violation of Title 26, United States Code, Section 7206(2).

### COUNT SIX

On or about April 15, 2009, in the Northern District of Florida, the defendant

### JOHN DAVID CASTLEBERRY,

a resident of Pensacola Beach, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2005, which was verified by a written declaration that it was made under the penalties of perjury, and was filed with the Internal Revenue Service, which said United States Individual Income Tax Return, Form 1040, defendant **JOHN DAVID CASTLEBERRY** did not believe to be true and correct as to every material matter, in that he falsely stated therein that he had $47,566 in taxable interest income [original issue discount] as reflected in line 8a and line 22 and an equal amount of income tax withheld of $47,566 as reflected in line 64, whereas, as the defendant then and there well knew and believed, these amounts were nonexistent and false.

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:

Redacted per privacy policy

FOREPERSON

7-16-2014

DATE

PAMELA C. MARSH
United States Attorney

RANDALL J. HENSEL
Assistant United States Attorney

31