**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    v.                                                Case No.: 3:14-cr-59-RV

JOHN DAVID CASTLEBERRY,
MARK DOUGLAS STOKES,
and MELINDA STOKES, et al.,

        Defendants.
_____/

**ORDER**

There are several pre-trial motions pending before the court (docs. 190, 191, 192, 193, 194, 195, 196, 197). Before turning to these motions, I will very briefly set out the background of this case.

The defendants, John D. Castleberry, Mark Stokes, Melinda Stokes, and five other individuals, have been charged by indictment with tax-related offenses. They were appointed counsel by the court, after which the case against Castleberry was set for trial on October 6, 2014, and the trial against the Stokes was scheduled for November 3, 2014. The cases were thereafter consolidated for trial and put on the November 2014 calendar. In the orders setting trial, the defendants (and their then-attorneys) were specifically instructed that any requests for discovery "shall be made no later than five (5) working days following the date of this order" and "all pretrial motions . . . shall be filed no later than ten (10) days after the date of this order," which was September 23, 2014.

Thereafter, on October 22, 2014, the district judge originally assigned to the case, Senior Judge Lacey Collier of this court, conducted a hearing on a motion to withdraw filed by Mr. Stokes' attorney pursuant to <u>Faretta v. California</u>, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (holding that a criminal defendant has a Sixth Amendment right to represent himself if he voluntarily elects to do so).

At or around the time of the Faretta hearing, Ms. Stokes and Castleberry moved to represent themselves at trial as well. During a lengthy colloquy with Judge Collier, the defendants were told, inter alia, of the dangers inherent in self-representation, and they were advised that they would be expected to comply with the rules and orders of the court. Judge Collier granted their request to represent themselves, and he then continued the trial until January 2015 based on the fact that three of the eight defendants in the case were now representing themselves and "this case contains voluminous documentation requiring review in advance of trial." The trial was thus continued to January 6, 2015, which gave the defendants an additional two months to prepare. The trial begins next week, and the defendants have now filed a number of last minute motions, eight of which are still pending.

    First, the defendants have filed substantively identical motions to continue the trial (docs. 190, 191, 192). The gist of these motions is that the defendants, due to their incarcerated status, have not had sufficient time and opportunity to "peruse" discovery materials, subpoena their witnesses, and conduct depositions. As noted, this trial was previously continued to give the defendants an additional two months to prepare after they elected to represent themselves, and the trial is now scheduled to begin in less than one week. These motions are DENIED.

    The defendants have next filed substantively identical documents entitled "File for the Record" (docs. 193, 194, 195), and attached to those filings are the functional equivalent of eight (8) motions that ask for: (1) all evidence that was presented to the grand jury; (2) all discovery and documents that the government intends to offer as evidence; (3) a copy of "STATUTES AT LARGE that is the true legislative written law"; (4) dismissal of the case for "lack of territorial jurisdiction"; (5) dismissal based on a "Personal Jurisdictional Challenge"; (6) another request for dismissal based on a "TERRITORIAL JURISDICTIONAL CHALLENGE"; (7) leave to file a "Court of Record Action Against All Men" associated with this prosecution;

and (8) dismissal based on a "SUBJECT MATTER JURISDICTIONAL CHALLENGE." These three documents, to the extent they are construed as motions, are DENIED as frivolous, untimely, and/or moot in light of the discovery already provided to the defendants.

In addition to the above documents filed by all three defendants, Castleberry has filed a separate document containing nineteen (19) independent "TERRITORIAL JURISDICTION CHALLENGES" (doc. 196). That motion must be, and is, DENIED as frivolous. He has also filed a document entitled "Motion Requesting Assistance in Obtaining All Addresses, Etc., for Subpoena Service" (doc. 197), in which he asks the court to "provide any/all assistance needed to obtain the necessary information for service of ALL subpoenas". That motion is DENIED at this time.

DONE AND ORDERED this 31st day of December, 2014.

        */s/Roger Vinson*
        **ROGER VINSON**
        **Senior United States District Judge**