Case 3:14-cr-00059-RV   Document 232   Filed 01/08/15   Page 1 of 4

Page 1 of  4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                          Case No.: 3:14-cr-59-RV

JOHN DAVID CASTLEBERRY, et al.,

_____/

**ORDER**

Christopher Baum and four co-defendants are on trial for conspiracy to file fraudulent tax returns and impede the IRS. This case arises out of the defendants' alleged adherence to the so-called "redemption theory" and their participation in a Form 1099 "OID Scheme." Their primary (if not sole) defense is that they acted in good faith and reasonably believed in the legitimacy and lawfulness of this theory and scheme. On the second day of trial, a government witness and IRS employee, Shauna Henline, was asked by Baum's counsel whether "a lot of people found the [redemption theory] to be reasonable," and she responded "Yes." I then asked the witness a question:

> Court: Let me ask about reasonable, because reasonable can sometimes be misleading. What you're really saying, it seems, is that they found it appealing. . . .
>
> Witness: Right.

Baum has now filed a motion for mistrial based on this exchange (doc. 231).

There is, of course, nothing inappropriate or improper about a federal judge questioning witnesses during trial as he "is not a mere moderator of proceedings" but, rather, "is a common law judge having that authority historically exercised by judges in the common law process." Moore v. United States, 598 F.2d 439, 442 (5th Cir. 1979); see also, e.g., United States v. Jacquillon, 469 F.2d 380, 397 (5th Cir. 1972) (federal judges are not "relegated to silence during a trial"). To be sure, the Federal Rules of Evidence explicitly vest a trial judge with authority to examine

witnesses. See Fed. R. Evid. 614(b) ("The court may examine a witness regardless of who calls the witness."). Thus, "[a] district court judge has wide discretion in managing the proceedings, he may comment on the evidence, question witnesses, elicit facts not yet adduced or clarify those previously presented, and maintain the pace of a trial by interrupting or cutting off counsel as a matter of discretion." See United States v. Day, 405 F.3d 1293, 1297 (11th Cir. 2005).  "The trial court may interrogate a witness to clarify his testimony or to insure that a case is fairly tried. On the other hand, a trial judge improperly interjects himself into the trial by questioning witnesses when the attorneys are competently conducting their cases." United States v. Block, 755 F.2d 770, 775 (11th Cir. 1985). Ultimately, questioning a witness becomes a problem when the judge's conduct "strays from neutrality", thereby denying the defendant a constitutionally fair trial. See Moore, supra, 598 F.2d at 442. In determining whether the trial judge's questioning has crossed the line from properly having a witness clarify the testimony, to improperly interjecting himself into the trial in a biased and partial manner, there are two cases that I find particularly instructive.

In Block, supra, several defendants were charged with fraud and conspiracy offenses, and the case went to a 10 week jury trial. While one of the defendants was testifying in his defense (over the course of 3 ½ days, during which he was asked approximately 2,000 questions), the district judge interjected and asked 45 questions, including some that cast aspersions on the defendant and appeared to doubt his credibility.[1] The Eleventh Circuit acknowledged (as stated above) that "a trial judge improperly interjects himself into the trial by questioning witnesses when the attorneys are competently conducting their cases." And the court also cited to

---

[1] To point to just one example, the defendant testified that he had received a copy of a search warrant issued in the case after another individual had mailed it to him, in response to which the judge interjected "people just don't go around mailing search warrants."

*Case No.: 3:14-cr-59-RV*

and acknowledged United States v. Welliver, 601 F.2d 203 (5th Cir. 1979), where reversal was warranted because the district judge in that case "repeatedly usurped the questioning of witnesses from counsel who were competently conducting the examination." However, the Eleventh Circuit found in Block that "the interventions of the trial court were [not] so numerous or egregious as to require reversal" given the length of the defendant's testimony --- and the trial itself --- when compared to the "volume" and "content" of the judge's questions.

      This trial, although still ongoing, is expected to last three weeks and involve potentially dozens of prosecution and defense witnesses. Henline was on the stand for more than a day, and there is only a single question at issue. Due to the lack of "volume" in my single question, Baum focuses his attention on the "content" of the exchange, which he maintains was critically important because it went to his entire defense strategy, to wit, the good faith reasonableness of the defendants' belief in the legitimacy and lawfulness of the "OID Scheme." In this regard, United States v. Middlebrooks, 618 F.2d 273 (5th Cir. 1980) is also instructive.

      The defendant in Middlebrooks was charged with drug conspiracy offenses. During the testimony of "a crucial witness for the defense", who had testified that the defendant did not commit the offense, the district judge interjected: "Well, the truth is you really don't know, do you? You're just assuming he didn't do it. You really don't have any personal knowledge." The witness then agreed that she had no personal knowledge.[2] The former Fifth Circuit concluded that reversal was not

---

[2] This exchange is substantively similar to what happened here, as Henline testified to something about which she had no personal knowledge. She could not have possibly known that "a lot of people found the [redemption theory] to be reasonable" as opposed to just "appealing." The latter can be established by the Form 1099 OID filings themselves, while the former she had no way of knowing. Thus, she had acquiesced to the attorney's characterization, without knowledge of either the legal connotation of the word being asked or the mental processes of "a lot of people". The jury could easily have been misled by her initial answer, and it obviously needed clarification.

*Case No.: 3:14-cr-59-RV*

warranted because it was an "isolated incident[]" and the jury was told "they must ignore any opinions as to the facts which the court may have given during the trial, and that they were the sole arbiters of the credibility of the witnesses." The jurors in this case have already been similarly instructed, inter alia, that "the jury's job is to determine from the facts what the factual truth is based upon the evidence that you see and hear as jurors during the course of the trial" and they will be reminded of this duty (and, also, instructed to disregard anything that I may have said during the course of trial) in their final instructions.

Based on the foregoing authority, the motion for mistrial (doc. 231) must be, and is, DENIED.

DONE AND ORDERED this 8th day of January, 2015.

                             */s/Roger Vinson*  
                             **ROGER VINSON**  
                             **Senior United States District Judge**